**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CURTIS TAYLOR,

    Plaintiff,

v.                                                No. 10cv840 WJ/LFG

ERIN O'CONNOR and APEX SERVICES, LLC,
a Colorado Limited Liability Company,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND INTEREST**

THIS MATTER comes before the Court on Plaintiff's Motion for an Award of Attorneys' Fees, Costs and Interest (Doc. 35). After having been granted summary judgment on the issue of default on the contract, Plaintiff requests court costs, attorney's fees, and interest on the amount of default. Having considered the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well taken and shall be granted.

**BACKGROUND**

The complaint in this case alleges default on what Plaintiff refers to as a "promissory note." Federal jurisdiction is based on diversity, 28 U.S.C. § 1332(a). Defendant Erin O'Connor ("O'Connor") is the owner of Apex Services, LLC ("Apex"), a Colorado limited liability company that provides personnel to the oil and gas industry on a contract basis. Plaintiff Curtis Taylor ("Taylor") was an employee of Apex and was assigned under contract to work for BP Oil Company in San Juan County, New Mexico from May 2006 to April 2007. He was terminated in April 2007 at BP's request.

The note at issue in this case calls for Defendants' payment of payroll checks for the time that Taylor worked for Apex. Taylor had failed to cash his bi-weekly payroll checks while working for BP. When he eventually tried to cash a large number of these checks, the banks would not negotiate the checks because they were older than ninety days. Taylor contacted O'Connor in late 2009 or early 2009 and demanded that Apex pay in a lump sum all of the sums represented in the stale payroll checks that Taylor could not negotiate. O'Connor did not believe that the non-negotiability of the payroll checks was Apex's responsibility, but in order to avoid litigation, the parties executed an Agreement on February 9, 2009 which is now the focal point of this lawsuit.[1] The Agreement was effective as of February 23, 2009, and calls for 30 payments to be paid every other Monday by Curtis and Apex. The Agreement is for payment of "payroll wages for the time period November, 2006 through September, 2007, in the amount of [$83,992.83]." Ex. A to Compl. (Doc. 2). Under the Agreement, Taylor was required to cash the checks within fourteen days of receiving them. The Agreement also states that upon non-payment of the principal due, Taylor "may pursue legal action seeking payment of the balance owed, interest, attorney's fees and court costs." *Id.*

The Court found that Defendants were in default as to the remaining balance on the note ($71,930.59) and that under the Agreement, Plaintiff is permitted to seek attorney's fees, costs, and interest on the balance (Doc. 34). Plaintiff now requests $9616.50 in attorney's fees, $949.29 in costs, and interest in the amount of $11,902.09 plus $17.08 for every day since February 18, 2011.

---

[1] Whether O'Connor's Affidavit (Doc. 23-1) should be considered extrinsic evidence is irrelevant for the Court's purposes here, which is to provide some factual background for the parties' positions.

## DISCUSSION

**I.       Attorney's Fees**

Under Colorado law, "[a]n award of attorney fees must be reasonable." *Spensieri v. Farmers Alliance Mut. Ins. Co.*, 804 P.2d 268, 270 (Colo. Ct. App. 1990). "The initial estimate by the court of a reasonable attorney fee based on the evidence is the calculation of the 'lodestar' amount. This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate. It carries with it a strong presumption of reasonableness." *Id.* "The criterion for the court is not what the parties agreed, but what reflects reasonable value for services rendered." *Id.* at 271.

Thomas P. Gulley, who represents Plaintiff in this matter, testifies that he has charged $220 per hour in this case and worked 38.40 hours. Affidavit of Thomas P Gulley at 1 (Doc. 36). An associate, Rebecca L. Avitia, has worked 5.9 hours on this case and charged a rate of $195 per hour. *Id.* A paralegal has also billed .20 hours at $90 per hour. *Id.* at 1-2. The Court finds that these rates are reasonable for the New Mexico legal services market, and that the number of hours expended is justifiable given the procedural posture and result of this case. Therefore, the Court grants Plaintiff's request for $9616.50 in attorney's fees.

**II.      Costs**

Plaintiff requests costs in the amount of "costs of collection" plus "costs" allowed by federal rule and statute. The agreement at issue provides for "court costs." Ex. A to Compl. (Doc. 2). The Court finds that "court costs" cannot reasonably be read to include matters outside those defined in 28 U.S.C. § 1920 and D.N.M.LR-Civ. 54.2. The Court therefore awards $550 to Plaintiff as costs.

**III.     Interest**

The Agreement provides that Plaintiff "may seek" interest if any payment of principal is unpaid when due. Ex. A to Compl. (Doc. 2). Under Colorado law, "[i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs." Colo. Rev. Stat. § 5-12-102(1)(b). Plaintiff has calculated interest beginning with the date Defendants were in default on their obligations, March 9, 2009. Plaintiff's calculations charge interest in the rate of 8% until March 9, 2010, and credit Defendants with four payments against the principal, reducing the amount which is outstanding concurrent with the date of each payment. The resulting amount of $5992.73 in interest was compounded on March 9, 2010, resulting in a new principal balance of $77,923.32. Interest was then calculated at 8% of $77,923.32 for 346 days, resulting in $5909.36 until the date of the filing of the instant motion on February 18, 2011. Daily interest until March 9, 2011 is $17.08.

Defendants do not dispute any of these calculations; rather, they protest that charging interest on the full balance starting from the date of the first default is improper acceleration. This argument misunderstands the meaning of the term. "Acceleration" is the "advancing of a loan agreement's maturity date so that payment of the entire debt is due immediately." Black's Law Dictionary (9th ed. 2009). "Interest" is the "compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use; esp., the amount owed to a lender in return for the use of borrowed money." *Id.* Plaintiff is not improperly asking for the full balance of the payment starting on March 9, 2009. Plaintiff is merely charging Defendants a fee for retaining his money, in proportion to the amount of money owing to Plaintiff but retained by Defendants. Therefore, Plaintiff did not engage in improper

acceleration of the debt by asking for 8% interest on the unpaid balance starting from March 2009.

Defendants also ask the Court to refrain from awarding Plaintiff interest under the doctrine of laches. "A trial court may apply laches when the plaintiff unreasonably and inexcusably delays bringing a legal claim and the delay prejudices or injures the defendant in some material way." *Bristol Co., LP v. Osman*, 190 P.3d 752, 755 (Colo. Ct. App. 2007). Although the Court recognizes that unreasonable delay probably took place prior to the execution of the Agreement at issue here, this is not relevant to a finding of unreasonable delay in bringing suit. Ten months between default on the agreement and bringing this suit is not unreasonable. "Mere delay, short of the running of the applicable statute of limitations, does not in and of itself constitute laches." *Pasternak v. Robin*, 511 P.2d 529, 530-31 (Colo. Ct. App. 1973). While Plaintiff should have cashed his paychecks as he received them, Defendants should have made payments on the Agreement that they signed and executed, or should have come to another agreement with Plaintiff concerning those payments. Both parties are at fault, and the Court cannot in equity rule for Defendants on this issue. The Court also cannot agree that receiving statutory interest on an amount both parties acknowledge has been owed to Plaintiff since April 2007 would be a "windfall" to Plaintiff.

The Court will therefore award interest in the amount of $11,902.09, which represents the interest accrued on the balance of the Agreement since March 9, 2009 until the filing of the instant motion on February 18, 2011. This order issuing on Friday, March 4, 2011, the Court will further award $239.12 in daily interest ($17.08 times 14 days), resulting in a total of $12,141.21.

**IV.     Supplemental Briefing**

Plaintiff's request for leave for supplemental briefing in the event that Defendants do not pay this award is denied as unripe.

**THEREFORE,**

**IT IS ORDERED THAT** Plaintiff's Motion for an Award of Attorneys' Fees, Costs and Interest is GRANTED IN PART. Plaintiff is hereby awarded $9616.50 in attorney's fees, $550 in court costs, and $12,141.21 in interest. Plaintiff's total award is $94,238.30. Post-judgment interest as provided by 28 U.S.C. § 1961 shall accrue on this amount until paid in full.

_____
UNITED STATES DISTRICT JUDGE